UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:15-cr-115-JDL |
| | ) |
| WAYNE NISKI, | ) |
| | ) |
| Defendant. | ) |

## RESTITUTION ORDER

A request for mandatory restitution has been made in this case by a victim or victims of a child exploitation offense pursuant to 18 U.S.C. § 2259. As held by the Supreme Court in *Paroline v. United States*, 134 S. Ct. 1710 (2014), a court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses. *Id.* at 1727. General losses are all the losses caused by the distribution, receipt, and possession of the pornographic images. *Id.* at 1722. There is no precise mathematical inquiry governing this decision, and it is a matter committed to the discretion of the district court. *Id.* at 1728.

In this case, the victim identified in the "Cindy" series seeks restitution. The first step is for the Court to determine the amount of the victim's losses caused by the continued trafficking of the victim's images, excluding any remote losses. *Id.* The victim claims losses of $1,409,133.35. The victim claims to have received restitution awards to date totaling $282,408.62. The victim therefore claims net losses of $1,126,724.73.

Next, the court may consider a variety of factors including:

1. The number of past criminal defendants found to have contributed to the victim's general losses.

The court has not received reliable information from which this finding might be made.

2. Reasonable predictions of the number of future defendants.

The court has not received reliable information from which this finding might be made.

3. Any available and reasonably reliable estimate of the broader number of offenders.

The court has not received reliable information from which this finding might be made.

4. Whether the defendant reproduced or distributed the images.

Niski did not distribute images of Cindy.

5. Whether the defendant contributed to their original production.

Niski did not contribute to the original production.

6. How many images the defendant possessed.

Niski possessed three identical copies of the same image.

7. Other facts relevant to the defendant's relative causal role.

The Government and the Defendant have stipulated to an award of restitution in the amount of $1,000.00, without interest.

Accordingly, it is **ORDERED** that the Defendant shall pay restitution for the benefit of the victim of the "Cindy" series in the amount of $1,000.00, without interest.

**SO ORDERED.**

Dated: April 1, 2016

                                                   /s/ Jon D. Levy
                                                  **U.S. DISTRICT JUDGE**