UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) 2:15-cr-00115-JDL-1 |
| WAYNE NISKI, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S MOTION TO MODIFY TERMS OF RESTITUTION PAYMENTS

The Defendant, Wayne Niski, filed correspondence with this Court (ECF No. 50) on August 16, 2018, seeking modification of the terms of his restitution payments. Specifically, Niski requests that the Court order that his restitution payments be put on hold until his release from incarceration. The Court treats this correspondence as a motion. The Government filed a response in opposition on August 31, 2018 (ECF No. 51). For the reasons stated below, I deny the motion.

On March 9, 2016, Niski was sentenced to 198 months of imprisonment followed by ten years of supervised release for his sexual exploitation of a minor conviction. He was also ordered to pay a $100 special assessment and $1000 in restitution to the victim depicted in the "Cindy" series of child pornography images. Niski incorrectly asserts that the Judgment does not require him to make payments towards the special assessment and restitution during the term of his incarceration. To the contrary, the Judgment, as amended, provides that the "[l]ump sum payment" of $1100 is "due immediately" and that "[a]ny amount that the defendant is unable to pay now is due and payable during the term of incarceration." (ECF No. 46 at 6.)

The Judgment goes on to state that "[u]nless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment." *Id.*

A court may adjust the schedule of restitution payments upon notification of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C.A. § 3664(k) (West 2018). Niski has not submitted any financial information or made any "specific allegations about his economic circumstances" to demonstrate such a material change. *United States v. Savage*, 466 F. App'x 68, 70 (3d Cir. 2012) (per curiam). As such, he has not met his burden of showing that modification of the restitution order, let alone the suspension of payments altogether, is warranted. *United States v. Hill*, No. 98-3709, 1999 WL 801543 at *1 (6th Cir. Sept. 28, 1999); *see also, e.g., United States v. Berger*, No. 09-308, 2017 WL 3725059 at *2-3 (W.D. Pa. Aug. 30, 2017) (concluding that defendant who submitted financial information did not meet her burden because the information she provided was incomplete); *United States v. Locke*, No. 09-259, 2012 WL 1154084 at *2 (D.D.C. Apr. 9, 2012) (denying motion to modify where defendant "d[id] not contend that she [wa]s unable to pay her restitution," only that her "institutional earnings [we]re insufficient . . . .").

In his correspondence, Niski also complains of the penalties that he faces under the Inmate Financial Responsibility Program (IFRP) if he does not make restitution payments. That grievance appears tied to his mistaken belief that the Judgment does not require him to make payments. The Government infers that Niski seeks to

challenge the administration of the IFRP as applied to him (ECF No. 51 at 4). The proper vehicle for that challenge would be a petition for habeas corpus under 28 U.S.C.A. § 2241 (West 2018) in the judicial district where Niski is incarcerated. *See McGee v. Martinez*, 627 F.3d 933, 937 (3d Cir. 2010); *United States v. Diggs*, 578 F.3d 318, 319 (5th Cir. 2009); *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002).

Accordingly, the Defendant Wayne Niski's Motion to Modify Terms of Restitution Payment (ECF No. 50) is **DENIED**.

**SO ORDERED.**

**Dated this 15th day of October 2018.**

                                                        /s/ JON D. LEVY
                                                    **U.S. DISTRICT JUDGE**