UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) 2:15-cr-00115-JDL |
| | ) |
| WAYNE NISKI, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR COMPASSIONATE RELEASE**

On September 10, 2015, Wayne Niski was convicted of one count of sexual exploitation of a minor, in violation of 18 U.S.C.A. §§ 2251(a) and (e). On March 9, 2016, Niski was sentenced to a term of imprisonment of 198 months, to be followed by a term of supervised release of ten years. Niski now moves for compassionate release under 18 U.S.C.A. § 3582(c)(1)(A)(i) based on the alleged health risks he faces in federal custody during the COVID-19 pandemic (ECF No. 53).

In evaluating Niski's motion for compassionate release, the court received and considered a Summary Report from U.S. Probation and Pretrial Services. On July 14, 2020, the Court provided a copy of the Summary Report to Niski and issued an Order to Show Cause (ECF No. 57), directing Niski to submit a written response within 21 days explaining (1) any objections to the information contained in the Summary Report, and (2) any other information relevant to his motion for compassionate release. The Order to Show Cause provided notice to Niski that failing to respond would result in the denial of his motion for compassionate release.

On July 21, 2020, Niski filed a supplemental statement in support of his original motion for compassionate release, which he had written before the Order to Show Cause was issued. On August 6, 2020, Niski filed a formal response to the Order to Show Cause, and on August 11, 2020, Niski filed a supplemental response to the Order to Show Cause. I have considered all of Niski's filings and have determined that his motion for compassionate release should be denied.

Niski's filings establish that he is at heightened risk for severe illness from COVID-19 based on diagnoses of asthma and chronic obstructive pulmonary disease. They also suggest that Niski is at a heightened risk of contracting COVID-19 at FCI Petersburg, which is experiencing an active outbreak of the virus. However, Niski was convicted of sexual exploitation of a minor, which is a very serious offense, and he has an extensive criminal record. Although Niski's filings express remorse for his offense and detail his rehabilitative activities in prison, I found at sentencing that a lengthy term of imprisonment—sixteen and a half years—was necessary to reflect the seriousness of Niski's offense, provide adequate deterrence, and protect the public. The term he has served to date—approximately five years—does not satisfy those purposes. Further, Niski has a history of committing crimes while on supervision for offenses predating his most recent conviction. Based on the record before me, I find that Niski would pose a "danger to any person or the community" under 18 U.S.C.A. § 3142(g) if he were released. Thus, after weighing the factors set forth in 18 U.S.C.A. § 3553(a), I conclude that Niski is not entitled to compassionate release.

Accordingly, it is **ORDERED** that Niski's motion for compassionate release (ECF No. 53) is **DENIED.**

**SO ORDERED.**

Dated: August 19, 2020

/s/ JON D. LEVY
**CHIEF U.S. DISTRICT JUDGE**
