UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) 2:15-cr-00115-JDL-1 |
| | ) |
| WAYNE NISKI, | ) |
| | ) |
| Defendant. | ) |

### ORDER ON MOTION FOR COMPASSIONATE RELEASE

On September 10, 2015, Wayne Niski pleaded guilty to one count of sexual exploitation of a minor, in violation of 18 U.S.C.A. § 2251(a), (e) (West 2022). On March 9, 2016, Niski was sentenced to a term of imprisonment of 198 months, to be followed by a term of supervised release of ten years. Niski, appearing pro se, now moves for compassionate release (ECF No. 77) under 18 U.S.C.A. § 3582(c)(1)(A)(i) (West 2022) based on the alleged health risks he faces in federal custody during the COVID-19 pandemic. Niski also moves for appointment of counsel (ECF No. 79), because he cannot afford independent counsel.

In July 2020, Niski, also appearing pro se, filed a previous motion for compassionate release (ECF No. 53) pursuant to 18 U.S.C.A. § 3582(c)(1)(A)(i) based on the alleged risks he faces in federal custody during the COVID-19 pandemic. I denied Niski's motion in a written decision. *United States v. Niski*, No. 2:15-00115, 2020 U.S. Dist. LEXIS 150225, at \*3 (Aug. 19, 2020). I also denied his motion for reconsideration. *United States v. Niski*, No. 2:15-00115, 2020 U.S. Dist. LEXIS 158150, at \*2 (Aug. 31, 2020).

In his present filing, Niski does not raise any new issues or facts that would support a grant of compassionate release. Although Niski is at heightened risk due to the COVID-19 pandemic, as acknowledged in my earlier Order, he has not provided any new information that calls into question my conclusion that his early release would be inappropriate because of the severity of his criminal conduct and his criminal record, the limited portion of the sentence he has served to date, and his history of committing crimes while on supervised release. *Niski*, 2020 U.S. Dist. LEXIS 150225, at *2-3; *Niski*, 2020 U.S. Dist. LEXIS 158150, at *1-2. For these reasons, I conclude that Niski is not entitled to compassionate release.

Additionally, because the matter is not "factually complex and legally intricate" and does not involve any "undeveloped" facts, I decline to appoint counsel. *United States v. Mala*, 7 F.3d 1058, 1064 (1st Cir. 1993).

Accordingly, it is **ORDERED** that Niski's Motion for Compassionate Release (ECF No. 77) and his Motion to Appoint Counsel (ECF No. 79) are **DENIED.**

**SO ORDERED.**

Dated: February 9, 2022

                                                      /s/ **JON D. LEVY**
                                       **CHIEF U.S. DISTRICT JUDGE**